## WILLIAM DONOHOE vs. THE STATE.

### SUPREME COURT, TYLER TERM, 1883.

*Perjury. Indictment* to charge the offense of perjury, must allege the materiality of the false testimony, either in terms, or by setting out the facts from which its materiality in law will appear. And every fact sworn to, upon which an assignment of perjury is sought to be made, must be alleged to be material.

*Same.* Stated in another form the rule is, that no false testimony can be included in an assignment of perjury, unless its materiality is alleged. See an indictment held sufficient upon the the last assignment to charge the offense of perjury.

*Same.* All matter alleged to be material can, by proper assignment, be made the basis of perjury. But if a general assignment is made upon all, and some of them should, in law, be immaterial, the assignment would be bad; hence arises the necessity for specific assignment upon material matter.

*Same—Charge of the Court.* Under an indictment which assigned perjury upon matter not alleged to be material as well as upon matter alleged material, the court charged as follows : "If, in view of what has been said by the court as to the law, and from all the evidence before them, the jury believe that the defendant, in San Patricio county, did, as charged, deliberately and wilfully make the statement set out in the indictment, or any part thereof, that the jury believe to have been material to the matter before the grand jury, and if such statement or any part thereof is shown (to) have been false when it was made, and if the jury believe the defendant knew it was false when he made it (if he did so), and if they further believe he made such statement before the regular grand jury of this county, as alleged, and under proper oath duly administered to him, then they should find him guilty as charged, and in addition, assess his punishment at," etc. Held, error, because not confined to such false statements as are alleged material, and therefore properly assigned; and because it authorized the jury to pass upon the materiality of the alleged false testimony.

Appeal from San Patricio County.

*Pat O'Docharty* for appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

### STATEMENT.

The charging part of the indictment which is involved in one of

the rulings of the court, reads as follows : " * * * that William Donohoe, on the 6th day of March, A. D. 1882, in the county of San Patricio and State of Texas, did then and there commit deliberate and wilful perjury, in this, as follows to-wit : that while the grand jury of the county aforesaid were in session and were making inquiry of offenses against the penal laws, it became and was then and there a material question whether or not William O'Docharty had wilfully shot two certain mules in said county on or about the first day of January, A. D. 1882, and upon said investigation before the grand jury aforesaid, the said William Donohoe then and there appeared as a witness and was duly sworn be Warren Wallace, then and there foreman of the grand jury aforesaid, and the said William Donohoe, being so sworn as aforesaid, and contriving and intending to pervert the due course of law and justice, upon his oath aforesaid did deliberately, wilfully, corruptly and maliciously swear (among other things) in substance and to the effect following, that is to say, that William O'Docherty and others were on the road side when two certain mules drawing a wagon and in charge of a driver came up to the place where the said William O'Docherty and others were standing, and that the said William O'Docherty was shooting off his pistol over the head of the horse of Alex. McGloin, across the road, before and at the time the aforesaid mules and wagon came up and passed by where the said William O'Docherty and others were standing, and that the aforesaid horse of McGloin was on the same side of the road upon which the said William O'Docherty was standing, and that he, said William Donohoe, knew nothing of the said mules being then and there shot; which said statements were false, as the said William Donohoe then and there well knew, whereas in truth and in fact, the said Alex. McGloin, and the horse of the said Alex. McGloin were not near to the said William O'Docherty when he fired at the said mules, but were at the distance of fifteen or twenty yards from the said William O'Docherty at the time said O'Docherty fired at the mules; and whereas in truth and in fact the said William O'Docherty did deliberately fire at said mules, and did not fire at said mules over the head of the horse of Alex. McGloin, and whereas in truth and in fact the horse of Alex. McGloin was not on the same side of the road upon which the said William O'Docherty was standing at the time said O'Docherty shot said mules; and whereas in truth and in fact the said William Donohoe

was then and there present and did know that the said William O'Docherty did then and there deliberately shoot said mules. And so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said William Donohoe, on the 6th day of March, A. D. 1882, in the county and state aforesaid, before the grand jury as aforesaid, by his own act and consent, and of his own most wicked and corrupt mind, in manner and form aforesaid, did deliberately, wilfully, falsely and corruptly commit perjury; against" etc·

Opinion by Hurt, J.

This was a conviction for perjury. It was objected to the indictment that the perjury is not properly assigned.

We have subjected this indictment to the rules laid dowm by Mr. Bishop, and enunciated in Gabrielsky vs. The State, and find that it is not obnoxious to the objection urged against it by the defendant. Gabrielsky vs. State, 13 Tex. Ct. App. 428.

The indictment in hand charges that certain testimony given before the grand jury was material; that is the substance of what was sworn to by defendant, and then avers that "whereas in truth and in fact," stating whenever such matter was false, and thus assigning perjury. The matter averred to be material is charged to have been testified about, or in regard to, by defendant; his testimony is set forth in substance, and then the indictment proceeds to negative (not by simply saying that the defendant falsely swore to such matter, but in the proper form) the truth of the facts sworn to by defendant, by averring that, "whereas in truth and in fact" stating that such facts sworn to by defendant were false. We are of the opinion that there is an assignment of perjury formally made in the indictment.

The materiality of the false testimony must be alleged, either in terms or by setting out the facts from which its materiality in law will appear. And every fact sworn to, upon which an assignment of perjury is desired to be made, must be averred to be material.

To present this rule in another light: No false testimony can be included in the asssignment of perjury, unless its materiality is alleged. We are not treating of inducements, inuendoes, or the admissibility of evidence, but of the proper mode to assign perjury. With these rules firmly in hand, let us see what is assigned for perjury in this indictment.

It alleges that, "it became and was then and there a material ques-

tion whether or not Willie O' Docherty had wilfully shot two certain
mules in said county, on or about the first day of January, 1882."
All of the matters and things contained in the question are averred
to be material; and upon all, or either of these, perjury can be as-
signed, but upon no other matter,—no matter not contained in the
averment of materiality.   In  regard  to what  particular  matter did
the defendant swear falsely ?   This is learned from what the defend-
ant is charged to have  sworn, and that  which  is alleged, in  proper
form, to be false,—from what is known  in legal  parlance as  the as-
signment of perjury.   The  matter upon ⸳which  perjury is  based is
specifically selected, pointed  out and assigned  for perjury; thus by
this contracting  process informing  the  defendant  wherein and  to
what extent the statements  alleged to be false have  been made  by
him were false, that he may  know with  certainty what is he  called
upon to answer."   All of  the  matters alleged to  be material  can be
made the basis of perjury, by proper  assignment of perjury.   But,
if a general assignment is made upon all, and some of them should,
in law, be immaterial, the assignment would be bad.   Hence, when
matters are alleged  to be  material, which  are not, in  conjunction
with matters which are, the absolute necessity of specific assignment
of perjury upon the material matter is apparent.

In the indictment before us perjury is assigned upon matter which
is not alleged to be material, as well as  matter averred to be  mate-
rial.   Upon this state of the pleadings, the  learned  judge  below
charged the jury as follows .

"7th.   If, in view of what has been said by the court as to the law,
and from all the evidence before them, the jury believe that the de-
fendant, in San Patricio county, did, as charged, deliberately and
wilfully make the statement set out in the indictment, or any  part
thereof, *that the jury believe* to have been material to the matter be-
fore the grand jury, and if such  statement or part  thereof is  shown
to have been false when it was made, and if  the jury believe the de-
fendant knew it was false when he made it, (if  he did so) and if they
further believe he made such statement before the regular grand jury
of this county, as alleged, and under proper oath duly administered to
him, then they should find him guilty as charged, and in addition as-
sess his punishment at confinement in  the penitentiary  for not  less
five years, nor more than ten years, in the discretion of  the jury."

The jury are told in this seventh paragraph of the the charge that

if they believe the defendant made the statement or any part of the statement set out in the indictment, etc.    As the indictment charges defendant with making statements not alleged to be material, this charge is most evidently wrong.    The trial judge should examine the indictment and ascertain upon what false testimony a good assignment of perjury has been made, and confine the jury to such assignment or assignments..

The indictment may, and frequently does, set out statements charged to have been made by defendant, without making or a desire to make them the basis of perjury.    The false statement or testimony to which the jury must be confined is that which is properly assigned as perjury.    And unless assigned, the fact that the statement or testimony is false, does not effect the question.

Again, in this seventh paragraph of the charge and elsewhere, the jurors are made the judges of the materiality of the testimony.    This is error, for the judge, and not the jury, is to pass upon the materiality of the (statement) false testimony.

If perjury is assigned upon immaterial matter, and the trial judge in his charge submits this matter to the jury, and hinges the guilt of defendant upon the issues therein found, the conclusion is that the judge believed the matter material.    In other words, the charge of the court is an infallible test as to whether the trial judge holds matter or testimony material or immaterial.

We have held this indictment sufficient, but we think it necessary to state upon which assignment we think it sufficient.    We are of the opinion that the last assignment, to-wit :  "Whereas in truth and fact the said William Donohoe was then and there present, and did know that the said Willie O' Docherty did then and there deliberately shoot said mules."    This matter is averred to be material and in regard to such matter, it is alleged to be deposed, and, we think, it is properly assigned for perjury.

Because of the error in the charge of the court, the judgment is reversed and the cause remanded.